OPINION
{¶ 1} On June 6, 1998, Darlene Amore was a passenger in her own van being driven by her husband, Thomas Amore, when it was rear-ended by Elizabeth Brennan. As a result of the accident, Mrs. Amore sustained injuries and lost wages.
 {¶ 2} At the time of the accident, Mrs. Amore was employed by The Thomson Corporation, insured under a business auto policy issued by Continental Insurance Company. Mr. Amore was employed by FujiFilm America, Inc., insured under a business auto policy issued by Tokio Marine and Fire Insurance Company, Ltd. Both Mr. and Mrs. Amore were insured under a personal insurance policy issued by Grange Mutual Casualty Company.
 {¶ 3} On June 5, 2000, appellees, Mr. and Mrs. Amore, filed a complaint against Grange and Continental, seeking underinsured motorists benefits. On February 9, 2001, appellees filed an amended complaint, adding Tokio as a party defendant. Grange filed cross-claims against Continental and Tokio for contribution on a pro-rata basis.
 {¶ 4} All the insurance companies filed motions for summary judgment. By judgment entry pending summary judgment motions filed May 1, 2002, the trial court denied the motions, finding appellees were entitled to underinsured motorists benefits under all three policies, with Grange's coverage being primary and the remaining policies being excess.
 {¶ 5} On July 24, 2002, the parties filed a joint stipulation, stating Grange paid its policy limits, the remaining damages were $200,000 and any prejudgment interest claims had yet to be decided.
 {¶ 6} By judgment entry on plaintiff's motion for judgment and prejudgment interest filed September 20, 2002, the trial court resolved the remaining issues in the case.
 {¶ 7} Tokio filed a notice of appeal (Case No. 02CA75) and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 8} "The trial court erred in declaring that the plaintiffs are entitled to underinsured motorists coverage under the Commercial lines policy issued by defendant-appellant Tokio Marine Fire Insurance Co., Ltd. to plaintiff Tom Amore's employer and denying Tokio Marine's motion for summary judgment on the same policy."
 I {¶ 9} Tokio claims the trial court erred in granting summary judgment to appellees. Specifically, Tokio claims appellees are not entitled to underinsured motorists coverage under its business auto policy because at the time of the accident, appellees were driving their own vehicle not in the scope of employment and said vehicle was not a "covered auto" under the policy.
 {¶ 10} This matter was submitted to the trial court with certain facts as uncontested. Mrs. Amore was a passenger in her own vehicle being operated by her husband who was an employee of Tokio's insured, Fujifilm America Inc. An underinsured tortfeasor rear-ended the vehicle, causing Mrs. Amore to sustain injuries and lost wages. As a result, the Amores sought coverage from Tokio pursuant to Scott-Pontzer v. Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292, and its progeny.
 {¶ 11} The definition of an "insured" under the uninsured/underinsured motorist provisions of the policy is similar to the definition in Scott-Pontzer. See, Section B of the Ohio Uninsured Motorists Coverage — Bodily Injury, attached to Tokio's Brief as Exhibit D. However, Tokio argues Endorsement No. CA 99 10 01 87, Drive Other Car Coverage — Broadened Coverage for Named Individuals, removes the case from Scott-Pontzer analysis. In support of its argument, Tokio cites Section B of the endorsement which states as follows:
 {¶ 12} "CHANGES IN LIABILITY COVERAGE
 {¶ 13} "1. Any 'auto' you don't own, hire or borrow is a covered 'auto' for LIABILITY COVERAGE while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except:
 {¶ 14} "a. Any 'auto' owned by that individual or by any member of his or her household.
 {¶ 15} "b. Any 'auto' used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking 'autos.'
 {¶ 16} "2. The following is added to WHO IS AN INSURED:
 {¶ 17} "Any individual named in the Schedule and his or her spouse, while a resident of the same household, are 'insureds' while using any covered 'auto' described in paragraph B.1 of this endorsement."
 {¶ 18} Tokio argues this broadened coverage provided coverage to all of Fujifilm's employees thereby removing any ambiguity created by the Scott-Pontzer "you" language of the policy. Further, Tokio argues Mrs. Amore owned the subject vehicle which was not a specifically covered vehicle under the policy.
 {¶ 19} In Still v. Indiana Insurance Company, Stark App. No. 2001CA00300, 2002-Ohio-1004, Burkhart v. CNA Insurance, Stark App. No. 2001CA00265, 2002-Ohio-903, and Pahler v. Motorists Mutual Insurance Co., Stark App. No. 2002CA00022, 2002-Ohio-5762, this court rejected the argument that the inclusion of employees, directors and/or shareholders relieve a policy of Scott-Pontzer analysis. In Egelton v. United States Fire Insurance Company, Stark App. No. 2002CA00157, 2002-Ohio-6176, we held "covered auto" language changed the nature of the analysis because said language was included within the policy's definition of "Who Is An Insured."
 {¶ 20} Section B of the endorsement as cited by Tokio addresses broadened liability coverage, not "Who Is An Insured." Section C of the endorsement adds the following to "Who Is An Insured" under uninsured/underinsured motorists coverage:
 {¶ 21} "Any individual named in the Schedule and his or her 'family members' are 'insured' while 'occupying' or while a pedestrian when being struck by any 'auto' you don't own except:
 {¶ 22} "Any 'auto' owned by that individual or by any `family member.'"
 {¶ 23} According to this definition, underinsured motorists coverage is broadened to include the Amores except for when occupying any vehicle they own. "It is undisputed that the van in which Darlene Amore was riding as a passenger at the time of her injury was owned by her." Appellees' Brief at 7.
 {¶ 24} Pursuant to Section C of the endorsement, we find appellees are not entitled to coverage under Tokio's business auto underinsured motorists coverage. See, Miller v. Grange Mutual Casualty Company, Stark App. No. 2002CA00058, 2002-Ohio-5763.
 {¶ 25} The sole assignment of error is granted.
 {¶ 26} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed.
By Farmer, J. and Gwin, P.J. concur. Edwards, J. dissents.